UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X          12 CIV 8982 (JSR)

CLAIRE LEBOWITZ,                                              COMPLAINT

                            Plaintiff,          JURY TRIAL
                                      DEMANDED

         vs.

                                      ECF CASE

CITY OF NEW YORK, NYPD Patrol
Officer ADRIANNE EDWARDS Shield
06115, NYPD Officer DOEs 1-10,

                         Defendants.

---------------------------------------------------X

      Plaintiff Claire Lebowitz ("Plaintiff"), by her attorney, Paul L. Mills,

Esq., for this Complaint, complaining of the defendants, respectfully alleges

as follows:


<u>PRELIMINARY STATEMENT</u>


      1.     The Plaintiff, Claire Lebowitz, is a 29-year-old woman, a

United States citizen and a resident of Brooklyn, New York, who was

arrested for being part of an outdoor event with people involved in the

Occupy Wall Street ("OWS") movement. The event was a peaceful, law-

abiding expression of thought and feeling, which took place when police barricades around Zuccotti Park, where the OWS movement was born, were removed.

2.      The barricades had gone up in mid-November, 2011; they came down the evening of January 10, 2012 after an OWS court victory; and people gathered in the park to be together – to talk about the event, and to show what they thought and felt to the public, which included news media who were also present there.

3.      On or about 1:30 A.M. that night, the Plaintiff entered the park and lay down. Police arrested her for doing that, and charged her with trespass, resisting arrest, and obstruction of government administration. Those were false charges.

4.      She was taken in by the police and jailed to await arraignment. But when it came time to be arraigned, police asked her if she would cooperate in having her inner eye scanned and photographed by them.

5.      She did not give consent for that, and, as a punishment, they kept her locked up for an extra 14 hours. Finally, she was arraigned and released without a photographic scan being taken of her inner eye.

6.      People lie down in public parks all the time. It was wrong to arrest Claire Lebowitz for that.

7.    Police can't just decide on their own to punish people by keeping them jailed an extra amount of time. If people are going to be punished with jail time, a court has to say so, not a police officer.

8.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States.

<u>JURISDICTION AND VENUE</u>

9.    This action arises under the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

12. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 (federal question), and 1343 (federal civil rights).

13. The Southern District of New York is the proper venue for this lawsuit because the cause of action arose in New York County, New York. The acts complained of occurred in the City of New York and in the Southern District of New York. Venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

JURY DEMAND

Plaintiff demands trial by jury in this action.

PARTIES

10.    Plaintiff Claire Lebowitz ("Plaintiff") is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, Kings County.

11.    Defendant City of New York ("City") is a municipal corporation which, through its New York Police Department (the "Department") operates a number of subordinate law enforcement facilities. The Department, through its senior officials, in each facility, and in its specialized units, promulgates and implements policies, including those with respect to the searches, arrests, and processing of pretrial detainees, and the reporting and investigation of lawful and unlawful arrests and processing of pretrial detainees, by uniformed officers including the individual NYPD officers who are defendants in this action.  In addition, senior officials in the Department are aware of and tolerate certain practices by subordinate officers, including some that are inconsistent with formal or stated policy.

These practices, because they are widespread, long-standing, and deeply embedded in the culture of the agency, constitute unwritten Department policies or customs.

12.    At all times relevant hereto, Defendant NYPD Patrol Officer ADRIANNE EDWARDS Shield 06115 ("EDWARDS") was a sworn and appointed patrol officer of the Department, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. Defendant EDWARDS is sued in her individual capacity.

13.    At all times relevant hereto, Defendant NYPD Officer DOEs 1-5 (as yet unidentified NYPD Officers who were present during and assisted in Plaintiff's arrest beginning on January 11, 2012, at about 1:30 o'clock AM, in Zuccotti Park, New York, NY) were sworn and appointed patrol officers of the Department, acting in the capacity of agent, servant, and employee of defendant City, within the scope of their employment as such, and acting under color of state law. Defendant DOES 1-5 are sued in their individual capacity.

14.    At all times relevant hereto, Defendant NYPD Officer DOEs 6-10 (as yet unidentified NYPD Officers who were present during and assisted in Plaintiff's pretrial detainee processing on January 11-12, 2012, following

her arrest at about 1:30 o'clock AM, in Zuccotti Park, New York, NY on

January 11, 2012, and until her release from the New York City Criminal

Court, 100 Centre Street, New York, NY at about 9:30 A.M. on January 12,

2012) were sworn and appointed officers of the Department, acting in the

capacity of agent, servant, and employee of defendant City, within the scope

of their employment as such, and acting under color of state law. DOEs 6-10

are sued in their individual capacity.


## STATEMENT OF FACTS

### I. PLAINTIFF'S ARREST IN ZUCCOTTI PARK


15.    On January 11, 2012 at about 1:30 o'clock A.M., Plaintiff

entered Zuccotti Park in downtown Manhattan, New York, NY, a place

which was open to the public, including Plaintiff, and lay down.

16.    She was there to be with her friends and fellow activists, who

were gathered that night because barricades blocking entry to Zuccotti Park

had been removed that day, and she wanted to join with her fellow activists

in celebration of that fact, to discuss the implications of that fact, and to

express her thoughts and feelings about that fact, along with the others, all of

whom were affiliated with or sympathetic to the Occupy Wall Street

("OWS") movement.

17.    Beginning within a period of time less than 30 minutes,

Defendant EDWARDS with the assistance of NYPD Officer DOES 1-5,

seized Plaintiff's person and placed her in restraints, and escorted her to a

nearby Department van, and placed her in the van, thereby arresting her.

18.    Plaintiff did not resist the arrest or interfere with the actions of

any police officer.

19.    Thereafter, Defendant EDWARDS filed a report in which

EDWARDS made knowingly false statements that:

20.    (A) EDWARDS had observed Plaintiff lying down in Zuccotti

Park and that EDWARDS stated to Plaintiff "You may not lie in the park"

on three separate occasions over a one-hour period;

21.    (B) that Plaintiff refused to comply with said verbal

instructions;

22.    (C) that EDWARDS asked Plaintiff to vacate Zuccotti Park;

23.    (D) that Plaintiff refused;

24.    (E) that when EDWARDS was placing the Plaintiff under arrest

that Plaintiff stiffened Plaintiff's arms and held her arms tight at her sides to

prevent handcuffing;

25.    (F) that Plaintiff twisted her body forward in an attempt to

evade EDWARDS and avoid handcuffing;

26.    (G) that Plaintiff refused to walk to EDWARDS' police van.

27.    On or about January 11, 2012 at 2:34 AM, EDWARDS prepared and filed a report charging Plaintiff falsely with PL 195.05 Obstruction of Governmental Administration in the Second Degree; PL 205.30 Resisting Arrest, and PL 140.05 Trespass.

28.    While booking Plaintiff, EDWARDS deliberately misstated Plaintiff's name, misspelling it as "Levowitz" rather than "Lebowitz", to make it difficult for Plaintiff's attorney, friends, or family, to ascertain her whereabouts, facilitate her release, or meet with Plaintiff prior to Plaintiff's arraignment, or for her attorney to protect her from being questioned by police without an attorney being present, or meet with her to advise her prior to her arraignment.

29.    On information and belief, as set forth hereinabove, Plaintiff was the victim of a policy and practices on the part of Department, of deliberately misstating detainee names, to make it more difficult or impossible for a detainee's attorney, friends, or family, to ascertain their whereabouts, facilitate their release, or meet with a detainee prior to the detainee's arraignment (the "NYPD NAME POLICY").

30.    In fact, EDWARDS' conduct as set forth herein above did

delay and make more difficult a meeting between Plaintiff and her attorney.

## II. PLAINTIFF'S PRE-ARRAIGNMENT INNER EYE SCAN PUNISHMENT

31.    Following her arrest at about 2:05 AM January 11, 2012, Plaintiff was detained and booked by NYPD officers, in preparation for her arraignment in courtroom AR-3, Room 129 of the New York County Criminal Court, 100 Centre Street, New York, NY.

32.    In the course of being booked as set forth hereinabove, Plaintiff declined a police demand to submit to a photographic scan of her inner eye.

33.    When all necessary paperwork had been completed for Plaintiff's arraignment, and when in the ordinary course of events she would otherwise have been arraigned, right before she was taken into the courtroom, at about 5:45 P.M. on January 11, 2012, Plaintiff again declined a police demand to submit to a photographic scan of her inner eye.

34.    At that time, Defendant NYPD Officer DOE 6 stated to Plaintiff that she had no choice, that she must submit to the inner eye scan, or talk to her lawyer.

35.    Defendant NYPD Officer DOE 6 then caused Plaintiff to be

taken back to a locked facility and not permitted to be arraigned.

36.     On information and belief, Defendant NYPD Officer DOE 6 was acting as set forth hereinabove pursuant to NYPD policy and practices of detaining arrestees in the custody of the NYPD without appearing before a judge for a longer period of time if they did not submit to a photographic scan of their inner eye, than they would if they did submit to a photographic scan of their inner eye (hereafter, the "NYPD INNER EYE SCAN POLICY").

37.     After speaking with her attorney on the night of January 12, 2012, Plaintiff declined another request to submit to a photographic scan of her inner eye, and NYPD Officer DOEs 6-10 caused her not to be arraigned, although she was ready for arraignment and would otherwise have been arraigned but for her declining the photographic scan of her inner eye.

38.     NYPD Officer DOE 7 then caused Plaintiff to be held in custody overnight without being arraigned.

39.     On information and belief, NYPD Officers DOEs 6-10 were acting pursuant to the NYPD INNER EYE SCAN POLICY.

40.     NYPD Officer DOEs 6-10 intended to and did prolong Plaintiff's pre-arraignment detention as a punishment for her refusal to submit to a photographic scan of her inner eye, on information and belief

pursuant to the NYPD INNER EYE SCAN POLICY.


## III. CITY POLICY


41.    Defendant City, through its preparation and issuance of both formal and informal orders and directives, and through its formal and informal monitoring of officer activities, both mandated and was aware of the false arrests of persons engaged in First Amendment activity in the public spaces of New York City, such as Plaintiff herein, and both caused, and failed to take sufficient steps to prevent, unlawful stops, searches, arrests, and imprisonments, including that of Plaintiff as set forth herein.

42.    Defendant City, through its preparation and issuance of both formal and informal orders and directives, and through its formal and informal monitoring of officer activities, both mandated and was aware of the NYPD INNER EYE SCAN POLICY, and of the NYPD NAME POLICY, and failed to take sufficient steps to prevent, unlawful imprisonments and interference with a detainee's right to assistance by an attorney, including that of Plaintiff as set forth herein.

43.    The City was also aware, or should have also been aware of the failure of the Department to bring disciplinary charges against those officers

who sanction or ignore unlawful stops, searches, arrests, imprisonments, and interference with a detainee's right to assistance by an attorney, to punish officers that sanction and/or cover up such unlawful stops, searches, arrests, imprisonments, and interference with a detainee's right to assistance by an attorney, and to discourage others from doing so.

44.    All of the aforementioned acts and omissions of defendants City, EDWARDS, and NYPD Officer DOEs 1-10, their agents, servants and employees, (hereafter, the "CITY DEFENDANTS"), were carried out under the color of state law.

45.    All of the aforementioned acts of the CITY DEFENDANTS deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, as explained herein below.

46.    The acts complained of were carried out by the aforementioned CITY DEFENDANTS with all the actual and/or apparent authority attendant to official police.

47.    The acts complained of were carried out by the CITY DEFENDANTS pursuant to the customs, usages, practices, procedures, and the rules of City and the Department, all under the supervision of ranking officers of said Department.

48.    The CITY DEFENDANTS, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF

42 U.S.C. § 1983/ First and Fourth Amendments

(Against Defendants EDWARDS and DOEs 1-5)

49.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

50.    Defendants EDWARDS and DOEs 1-5 acted under pretense and color of state law and in their individual and official capacities and within the scope of their employments as Department officers and employees.

51.    By reason of unlawfully seizing, stopping, searching, arresting, and imprisoning, and failing to intervene to prevent such unlawful seizure, stop, search, arrest, and imprisonment, when Plaintiff was engaged in speech and association activities, Defendants EDWARDS and DOEs 1-5 deprived

Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the First Amendment to the United States Constitution to freedom of speech and association, and rights guaranteed by the Fourth Amendment to the United States Constitution to be free from unreasonable search, seizure, arrest or imprisonment without warrant or probable cause.

52.    As a direct and proximate result of the above misconduct, Plaintiff was prevented from engaging in speech and expression and associating with her friends and fellow participants in the exercise of speech and expression; and deprived of her liberty; publicly embarrassed and humiliated; suffered pain and suffering, emotional injury, and was otherwise damaged and injured.

## SECOND CLAIM FOR RELIEF

42 U.S.C. § 1983/ 6th Amendment

(Against Defendant ADRIANNE)

53.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

54.     By reason of unlawfully interfering with and obstructing

Plaintiff from meeting with and receiving assistance from her attorney,

Defendant EDWARDS deprived Plaintiff of rights, remedies, privileges, and

immunities guaranteed to every citizen of the United States, secured by 42

U.S.C. § 1983, including, but not limited to, rights guaranteed by the Sixth

Amendment to the United States Constitution to assistance of counsel.

55.     As a direct and proximate result of the above misconduct

Plaintiff was prevented and delayed from meeting with her attorney;

suffered pain and suffering, emotional injury, and was otherwise damaged

and injured.


THIRD CLAIM FOR RELIEF

42 U.S.C. § 1983/ Fourteenth Amendment

(Against Defendants NYPD Officer DOEs 6-10)


56.     Plaintiff repeats and realleges the foregoing paragraphs as if the

same were fully set forth herein.

57.     Defendant NYPD Officer DOEs 6-10 acted under pretense and

color of state law and in their individual and official capacities and within

the scope of their employments as Department officers and employees.

58.     By reason of unlawfully punishing Plaintiff for declining to submit to photography of her inner eye, and failing to intervene to prevent such punishment, Defendant NYPD Officer DOEs 6-10 deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to protection against being deprived of liberty without due process of law.

FOURTH CLAIM FOR RELIEF

MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

(Against Defendant City)

59.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

60.     The CITY DEFENDANTS, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, that is, Defendant City and its Department, which is forbidden by the Constitution of the United States.

61.    Defendant City, through the Department, and acting under the pretense and color of law, has permitted, tolerated and been deliberately indifferent to a pattern and practice of unlawful seizures, stops, searches, arrests, imprisonments, and obstruction of assistance of counsel, by Department officers, including the individual CITY DEFENDANTS.  This widespread policy and tolerance of Department officers' unlawful seizures, stops, searches, arrests, and imprisonments of persons engaged in free speech and association activities, and obstruction of assistance of counsel, constitutes a municipal policy, practice or custom and led to Plaintiff's unlawful seizure, stop, search, arrest, imprisonment and obstruction of assistance of counsel.

62.    By permitting, tolerating and sanctioning a persistent and widespread policy, practice and custom, pursuant to which Plaintiff was subjected to unlawful seizure, stop, search, arrest, imprisonment, and obstruction of assistance of counsel, and wrongfully deprived of her freedoms of speech and association, of her liberty, and of her right to assistance of counsel, as set forth hereinabove, Defendant City has deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the First, Fourth, Sixth and Fourteenth

Amendments to the United States Constitution to be free from violation of

her rights to free speech and association, and from search, arrest, or

imprisonment without warrant or probable cause, to assistance of counsel,

and from imprisonment without due process of law.

63.    At all times material to this complaint, defendant City, acting

through the Department, and through the Individual Defendants, had de

facto policies, practices, customs, and usages of failing to properly train,

screen, supervise, or discipline employees, and of failing to inform the

individual CITY Defendants' supervisors of their need to train, screen,

supervise or discipline said defendants.  These policies, practices, customs,

and usages were a direct and proximate cause of the unconstitutional

conduct alleged herein.

64.    The aforementioned customs, policies, usages, practices,

procedures and rules of defendant City and the Department included, but

were not limited to: (a) the NYPD INNER EYE SCAN POLICY as set forth

hereinabove; (b) the NYPD NAME POLICY as set forth hereinabove; (c)

displaying a deliberate indifference to disciplining supervisors, despite

allegations of illegal and/or unconstitutional conduct including false arrests

and imprisonments and the preparation of false official reports; of

deprivation of liberty without due process of law; and of interference with

assistance of counsel; such as Plaintiff suffered.

65.    The foregoing customs, policies, usages, practices, procedures and rules of defendant City and the Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

66.    Additionally, the Department's deliberate indifference to proper training, supervising and/or disciplining of policy-making officials constituted explicit and/or tacit approval of their illegal and unconstitutional conduct.

67.    The acts complained of were a direct and proximate result of the usages, practices, procedures and rules of defendant City and the Department, which constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

68.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant City and the Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against all the defendants:

a.  Compensatory damages, in an amount to be determined by a jury;

b.  Punitive damages (except against Defendant City), in an amount to

be determined by a jury;

c.  Costs and interest and attorney fees;

d.  Such other and further relief as this court may deem appropriate

and equitable.


Dated:        New York, New York
              December 10, 2012

                              _____
                              PAUL L. MILLS, Esq. (pm0653)
                              Park West Finance Branch
                              PO Box 20141
                              New York, New York 10025
                              (646) 637-3693
                              plm36@columbia.edu
                              Attorney for Plaintiff

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.
This page will not be added after purchasing Win2PDF.