UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

CLAIRE LEBOWITZ and KEEGAN STEPHAN,

                                          Plaintiffs,

               -against-

CITY OF NEW YORK, POLICE OFFICER ADRIANNE
EDWARDS, Shield 611, NYPD OFFICER DOEs 1-10,

                                     Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
OPPOSITION TO
PLAINTIFFS' 56.1
STATEMENT**

12 CV 8982 (JSR)

            In their Response to Defendants' Statement Pursuant to Local Civil Rule 56.1 plaintiffs improperly disputes several facts with separate additional information, and asserts additional facts:

      1.    <u>Plaintiffs' Disputed Fact #4</u>: Plaintiffs dispute that Stephan sought to retake the park. This dispute is contradicted by Plaintiff Stephan's own statements at Exhibit B, p. 107, ¶¶ 8-21.

      2.    <u>Plaintiffs' Disputed Fact #27</u>: Plaintiffs dispute that Lebowitz was engaged in passive resistance by laying down in front of the van. She stated that she guessed laying down was passive resistance, however whether she needed help getting up is unrelated to her resisting by lying down on the sidewalk. <u>See</u> Exhibit C, pp. 84-5.

      3.    <u>Plaintiffs' Disputed Fact #50</u>: Plaintiffs dispute that Lebowitz was taken to Central Booking, as she was taken upstairs and asks the Court to take judicial notice of the geographic location of Central Booking. Defendants state that per Exhibit O Lebowitz was

logged back in to the cells, in department of corrections custody, where she as initially lodged by her arresting officer after leaving the Seventh Precinct.

4.      Plaintiffs' Disputed Fact #61: Plaintiffs engage in a two page five part response disputing that the NYPD has used iris photos since 2010 to verify prisoner ID.   The argumentative additional information is unrelated to the above statement, and largely unsupported.  Accordingly this fact should be deemed admitted by plaintiff.

5.      Plaintiffs' Disputed Fact #62: Plaintiffs engage in three page response to contest only that the infrared light reflected off of the eye makes physical contact with the eye.  As a matter of physics Defendants note that light exhibits properties of both energy (waves) and matter (particles).  For the purpose of this motion however, it will suffice that only light, similar to a remote control, is used to capture the image for the camera.  Additionally, plaintiffs argue that affidavits by NYPD personnel in the Criminal Justice Bureau and Office of Information Technology should be excluded as they were not disclosed and hearsay.  This argument, though not strictly relevant to the disputed facts at issue fails as the individuals were duly disclosed prior to the close of discovery alongside defendants responses to the notices to admit and the individuals in question have personal knowledge of the iris photo program and technology, prisoner processing procedures and NYPD rules and procedures.

6.      Plaintiffs' Disputed Fact #63: Plaintiffs attempt to dispute a fact by excluding the affidavit of an individual with knowledge as hearsay.  As discussed in fact 62, that fails and the fact should be deemed admitted.

7.      <u>Plaintiffs' Disputed Fact #64</u>:  Plaintiffs attempt to dispute a fact by excluding the affidavit of an individual with knowledge as hearsay.  As discussed in fact 62, that fails and the fact should be deemed admitted.

8.      <u>Plaintiffs' Disputed Fact #64</u>:  Plaintiffs attempt to dispute a fact by excluding the affidavit of an individual with knowledge as hearsay.  As discussed in fact 62, that fails and the fact should be deemed admitted.

9.      <u>Plaintiffs' Disputed Fact #65</u>:  Plaintiffs attempt to dispute a fact by excluding the affidavit of an individual with knowledge as hearsay.  No evidence indicates harm to the eye from the iris photo program  As discussed in fact 62, the affidavits are not hearsay and the fact should be deemed admitted.  Conversely plaintiffs' attempts to rely upon websites discussing infrared radiation must be dismissed as hearsay, or at least disregarded as irrelevant to questions surrounding these scanners.

10.      <u>Plaintiffs' Disputed Fact #66</u>:  Plaintiffs attempt to dispute a fact by excluding the affidavit of an individual with knowledge as hearsay.  As discussed in fact 62, that fails and the fact should be deemed admitted.  Additionally, plaintiffs argue that several additional affidavits show this fact in dispute.  Of these only one shows claims that he was returned to a cell after refusing an iris scan.  This individual was unavailable for testimony as he lived in Portland, but his affidavit is silent as to why he was returned to the cell.  This is irrelevant to the instant case regardless.  As plaintiff Lebowitzs' experience shows, there are many potential factors in length of detention, and these affidavits are categorically not enough to show anyone being penalized for refusing them, particularly in light of the individuals plaintiffs rely upon who claim to have faced no penalty after refusing the iris photo.

11.    <u>Plaintiffs' Disputed Fact #67</u>:  Plaintiffs attempt to dispute a fact by excluding the affidavit of an individual with knowledge as hearsay.  As discussed in fact 62, that fails and the fact should be deemed admitted.  Additionally, plaintiffs both purport to have not informed officers they refused the initial iris scan, therefore any attempt to scan them for verification is not unreasonable, but a result of poor communication and understanding of the program by plaintiffs.

12.    <u>Plaintiffs' Disputed Fact #68</u>:  Plaintiffs attempt to dispute a fact by excluding the affidavit of an individual with knowledge as hearsay.  As discussed in fact 62, that fails and the fact should be deemed admitted.  Additionally, plaintiffs attempt to quote only sentence fragments from materials provided in discovery to oppose this motion.  That attempt fails as a disclosed witness with knowledge of the database, storage and iris photo program is properly clarifying and providing a fact plaintiffs cannot dispute at Exhibit I.

13.    <u>Plaintiffs' Disputed Fact #73</u>:  Plaintiffs attempt to dispute a fact by extrapolating from unrelated portions of a document.  DHO is not a code used when a prisoner refuses an iris scan, as the admissible evidence and document in question plainly shows.  DHO was entered at approximately 01:00 a.m. on January 12, 2012 corresponding to when plaintiff Lebowitz was returned to her cell.  "Iris not taken" shows it was entered at 10:35 a.m. on January 11, 2012 when plaintiff was brought in and refused her enrollment iris scan.  Plaintiffs reading of these two disparate entries together reflects wishful thinking that is contradicted by all admissible evidence.  Accordingly this fact should be deemed admitted.

14.    <u>Plaintiffs' Disputed Fact #74</u>:  As cited to in defendants 56.1 statement, all evidence relevant to Lebowitz's arraignment, including Stephan's testimony and all documents,

indicate that the Court concluded arraignments making her a docketed holdover.  Plaintiff cites to no support for their dispute.  Accordingly this fact should be deemed admitted.

15.     Plaintiffs' Disputed Fact #75:  As discussed in fact 50, plaintiffs maintain that what was referred to as Central Booking is in fact 1st Floor Female Court Detention.

16.     Plaintiffs' Disputed Fact #76:  Plaintiffs helpfully indicate that an additional female prisoner was brought in approximately one hour prior to plaintiff Lebowitz at 9:40 a.m. on January 11, 2012.  Ex. O, D194, Ln 12.  She was ultimately arraigned alongside plaintiff on January 12, 2012.  Ex. O, D196, Ln 10.  Additionally, plaintiff is correct that prisoners had been brought to those cells before Lebowitz, however the record indicates that all prisoners before D194, ln 8 were removed from the cells and arraigned prior to Lebowitz's arrival.

17.     Plaintiffs' Disputed Fact #77:  Plaintiffs dispute that any evidence shows when individuals were arraigned.  As Exhibit O shows, all the individuals disputed, as well as a handful more were brought to be arraigned alongside plaintiff and were not subsequently returned to their cells.  Ex. O, D196, Ln 1-15.  The evidence shows all those individuals went to the same place as plaintiff Lebowitz, AR2 when she went to be arraigned.  Exhibit J; Exhibit O, D196, Remarks section Ln 1-15.

18.     Plaintiffs' Disputed Fact #78:  Plaintiff concedes that multiple individuals were brought out at the same time as Lebowitz when she was arraigned.  The records show they all went to AR2, which was the Court part where plaintiff was ultimately arraigned.  Exhibit J; Exhibit O, D196, Remarks section Ln 1-15.  Additionally, from the records plaintiff is correct that one individual, VJ, was brought in after Lebowitz and released before, and that one, LM was brought in before and released before.

19.     <u>Plaintiffs' Disputed Fact #80</u>: The <u>Nunez</u> decision speaks for itself, and plaintiffs do not dispute the status of the park.

20.     <u>Plaintiffs' Disputed Fact #82</u>:  Plaintiffs dispute an issue of law.  Defendants maintain and the evidence shows Galvin did have delegated authority to enforce the rules of the park.  Plaintiffs' disputes regarding the legal status of the rules and park are dealt with in the memoranda of law.

21.     <u>Plaintiffs' Disputed Fact #83</u>:  Plaintiffs dispute the conversation between Galvin and plaintiffs, but by their own admissions, neither plaintiff remembers the words spoken aside from directing them to leave.  As such they cannot credibly dispute this fact.  <u>See</u> 56.1 paragraph 16, 18.

22.     <u>Response to Plaintiffs' additional submitted fact, #87</u>:  In additional submitted facts plaintiff disputes the legal status of the park for first amendment purposes.  Defendants acknowledge the affidavit attached as Plaintiffs' exhibit A, but state that fact #87 considers issues of law dealt with in the legal memoranda and declaration.

23.     <u>Response to Plaintiffs' additional submitted fact, #88</u>:  <u>Waller v. City of New York</u>, speaks for itself, and it is generally undisputed that individuals illegally lived in Zuccotti Park for some weeks until November 2011.

24.     <u>Response to Plaintiffs' additional submitted fact, #89</u>:  Defendants note that this fact is hearsay, and state that it is irrelevant to the instant action.

25.     <u>Response to Plaintiffs' additional submitted fact, #90</u>:  Disputed.  This is a question of law dealt with extensively in the legal memoranda, and represents an inaccurate reading of the Brookfield rules.

26.     <u>Response to Plaintiffs' additional submitted fact, #91</u>:   Admit, although defendants note that numerous individuals, as shown on video and testified to, began to gather, subsequent to plaintiffs lying down including security guard Galvin and Sgt. Imperatrice.

27.     <u>Response to Plaintiffs' additional submitted fact, #92</u>:   Disputed.   Whether plaintiffs' defiance of park rules by lying down constituted First Amendment expression is a question of law dealt with in the legal memoranda.

28.     <u>Response to Plaintiffs' additional submitted fact, #93</u>:   Admit that laying down in the park and refusing to leave after being ordered to by security and officers preceded the arrest of plaintiffs.

29.     <u>Response to Plaintiffs' additional submitted fact, #94</u>:   Admit plaintiffs initial arrest was not for laying down in front of the van, however, defendants note that plaintiffs were also charged with Obstructing Governmental Administration for lying down in front of the van.

30.     <u>Response to Plaintiffs' additional submitted fact, #95</u>:   Admit the charges were not felonies, and state that whether the charges were 'violent' or 'serious' is not a fact appropriate for a 56.1 disclosure a question of law and is disputed.

31.     <u>Response to Plaintiffs' additional submitted fact, #96</u>:   Disputed.   Barriers had been taken down by the time of this incident, regardless this is not a material fact in the instant case.

32.     <u>Response to Plaintiffs' additional submitted fact, #97</u>:   Disputed.   The Shapiro video shows individuals removing padding from the ground and benches in violation of park rules.   Regardless this is not a material fact in the instant case.

33.    <u>Response to Plaintiffs' additional submitted fact, #98</u>:  Disputed.  Plaintiffs submit a paragraph of argument that is improper for a 56.1 statement.  The rules of the Park were legally enforced and were valid, as dealt with extensively in the legal memoranda. Disputed.  Plaintiff presents a legal argument with no citation to the factual record.

34.    <u>Response to Plaintiffs' additional submitted fact, #99</u>:  Disputed.  The police orders were not only lawful, but plaintiffs committed the offenses described, and the officers had probable cause and immunity. Disputed.  Plaintiff presents a legal argument with no citation to the factual record.

35.    <u>Response to Plaintiffs' additional submitted fact, #100</u>:  Disputed.  The orders were not unlawful as described in the legal memoranda. Disputed as to what an 'executive officer' is. Disputed.  Plaintiff presents a legal argument with no citation to the factual record.

36.    <u>Response to Plaintiffs' additional submitted fact, #101</u>:  Disputed.  The orders were not unlawful as described in the legal memoranda.  Disputed as to what an 'executive officer' is. Disputed.  Plaintiffs present a legal argument with no citation to the factual record.

37.    <u>Response to Plaintiffs' additional submitted fact, #102</u>:  Disputed.  The police orders were not only lawful, but plaintiffs committed the offenses described, and the officers had probable cause and immunity. Disputed.  Plaintiffs present a legal argument with no citation to the factual record.

38.    <u>Response to Plaintiffs' additional submitted fact, #103</u>:  Disputed.  Plaintiffs present a legal argument with no citation to the factual record.  Disputed, this fact is irrelevant to the instant case.

39.     Response to Plaintiffs' additional submitted fact, #104: Disputed.  Plaintiffs present a argument with no citation to any admissible support.  Disputed, plaintiffs were not engaged in any First Amendment expressive activity at the time of their arrest.

40.     Response to Plaintiffs' additional submitted fact, #105: Disputed.  Plaintiffs present a legal conclusion with no citation to any facts.  As considered supra in response to additional facts 93, 98, and 99, the arrests were lawful as further dealt with in the legal memoranda.

41.     Response to Plaintiffs' additional submitted fact, #106: Disputed.  Plaintiffs arrests were lawful and based on probable cause.

42.     Response to Plaintiffs' additional submitted fact, #107: Disputed.  Plaintiffs present a legal argument with no citation to any facts.  Plaintiffs' arrests were lawful, as discussed extensively in the legal memoranda.

43.     Response to Plaintiffs' additional submitted fact, #108: Disputed.  Plaintiffs characterization of the visible portion of the eye as gathering information from inside the body is disputed.

44.     Response to Plaintiffs' additional submitted fact, #109: Admit that iris photos can detect the difference between identical twins and are more accurate than fingerprinting, but dispute whether the information is microscopic.

45.     Response to Plaintiffs' additional submitted fact, #110: Disputed.  Plaintiff quotes at length from the information and training materials surrounding the iris photo technology, however, as stated in Exhibit I, paragraph 9, 10, only enrollment iris photos are

saved into the database.  Defendants further note, neither plaintiff submitted to an enrollment scan.

46.     <u>Response to Plaintiffs' additional submitted fact, #111</u>:  Admit that the NYPD conducts the iris scans at issue in this case, but dispute that either plaintiff had their iris photographed or stored in any database.

47.     <u>Response to Plaintiffs' additional submitted fact, #112</u>: Disputed.  Plaintiffs' pre-arraignment detention was influenced by many factors including the medical emergency of the man in the Courtroom with Lebowitz, the speed with which the Court moved through arraignments, whether a dinner break was taken, and how many individuals had been arrested prior to plaintiffs.

48.     <u>Response to Plaintiffs' additional submitted fact, #113</u>:  Disputed.  As discussed in the memoranda of law, and Exhibit I, paragraph 11, the iris records are photographs and are stored by the same policy and laws that govern photographs.

49.     <u>Response to Plaintiffs' additional submitted fact, #114</u>:  Admit that without an enrollment scan, the verification scan will not be able to find a match.  Disputed in that had plaintiffs been forced to switch with an inmate seeking to escape, the iris scan of the other individual could have found a mismatch unless that individual has also refused the program.  Additionally disputed as the iris photo program has significantly reduced escapes by misarraignment.  <u>See</u> Exhibit H, paragraph 4-6.

50.     <u>Response to Plaintiffs' additional submitted fact, #115</u>:  Disputed.  The iris photo program is not unnecessary or unreasonable or arbitrary, and is in fact serving an important government and public interest very effectively.  <u>See</u> Exhibit H; I.  This issue is dealt with

further in the legal memoranda. Notwithstanding, admit that the iris photo may need to be retaken where an individual closes their eyes or looks away.

51. <u>Response to Plaintiffs' additional submitted fact, #116</u>: Admit his name was listed as James Stephan.

52. <u>Response to Plaintiffs' additional submitted fact, #117</u>: Admit.

53. <u>Response to Plaintiffs' additional submitted fact, #118</u>: Admit that Stephan's passport states his name and speaks for itself.

54. <u>Response to Plaintiffs' additional submitted fact, #119</u>: Admit her name was listed as Claire Levowitz.

55. <u>Response to Plaintiffs' additional submitted fact, #120</u>: Admit.

56. <u>Response to Plaintiffs' additional submitted fact, #121</u>: Admit that Lebowitz's license states her name and speaks for itself.

57. <u>Response to Plaintiffs' additional submitted fact, #122</u>: Disputed, plaintiffs were able to reach out to friends and their attorneys and had confidence they would be represented. Further, defendants note that the declarations in question are inadmissible and unnotarized hearsay.

58. <u>Response to Plaintiffs' additional submitted fact, #123</u>: Disputed, plaintiffs had community members present and were represented by their attorney at arraignment. Additionally, the CJA interview query asks only if someone is expected at arraignment.

59. <u>Response to Plaintiffs' additional submitted fact, #124</u>: Disputed. This is an issue of law dealt with more fully in the memoranda of law. Plaintiffs rights were not violated, nor was anyone prevented from being present at arraignment.

     60.    <u>Response to Plaintiffs' additional submitted fact, #125</u>:  Admit that plaintiffs were processed with the names as originally spelled.  Disputed that the officers refused to correct the spelling.

     61.    <u>Response to Plaintiffs' additional submitted fact, #126</u>:  Admit that plaintiffs were processed with the names as originally spelled.

Dated: New York, New York
          July 22, 2013

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the City of New York
                            *Attorney for Defendants*
                            100 Church Street
                            New York, New York 10007
                            (212) 356-2373

                      By:     /s/_____
                            Andrew Lucas
                            Assistant Corporation Counsel
                            Special Federal Litigation Division

TO:    Honorable Jed S. Rakoff
       United States District Judge
       500 Pearl Street
       New York, New York 10007

       Paul Mills
       Park West Finance Branch
       PO 20141
       New York, NY 10025